UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**DURR MECHANICAL CONSTRUCTION, INC.,**

    **Plaintiff,**

    v.

**PSEG FOSSIL, LLC,**

    **Defendant.**

Civ. No. 18-10675 (KM) (CLW)

**OPINION AND ORDER**

**KEVIN MCNULTY, U.S.D.J.:**

    Durr Mechanical Construction, Inc., and PSEG Fossil, LLC, are involved in litigation after a construction project went awry. I previously dismissed Durr's claim under the cardinal change doctrine, finding that that doctrine was not recognized under New Jersey law. (DE 75, 76;[1] *see also Durr Mech. Constr., Inc. v. PSEG Fossil, LLC*, Civ. No. 18-10675, 2021 WL 303030, at *3–5 (D.N.J. Jan. 29, 2021).) Now Durr moves, pursuant to 28 U.S.C. § 1292(b), to certify an interlocutory appeal on the question of whether New Jersey recognizes the cardinal change doctrine. (DE 79.) For the following reasons, the motion is **DENIED**.

**I.    BACKGROUND**

    I assume familiarity with the facts as set forth in my prior opinion. *Durr*, 2021 WL 303030, at *1–2. As relevant here, Durr worked as a contractor for PSEG on a power plant project. *Id.* at *1. The contract provided that PSEG had the right to change the scope of work. *Id.* PSEG constantly and drastically changed the work required of Durr in a manner Durr considered excessive. *Id.* at *2. At the end of the project, PSEG avoided its payment obligations. *Id.*

---

[1]    Certain citations to the record are abbreviated as follows:

    DE = docket entry

    Durr Ltr. = Durr's Letter (DE 79)

Durr sued PSEG, asserting contract, quasi-contract, and tort claims. *Id.* PSEG moved to dismiss most of those claims, although not the marquee breach of contract claim. *Id.* I dismissed, among others, Durr's "cardinal change" claim (Count 3). *Id.* at *3.

The cardinal change doctrine comes from federal government contracts law. It holds that "when the government effects an alteration in the work so drastic that it effectively requires the contractor to perform duties materially different from those originally bargained for," then the government has effected a "cardinal change" and is in breach. *Rumsfeld v. Freedom NY, Inc.*, 329 F.3d 1320, 1332 (Fed. Cir. 2003) (citation omitted). The doctrine arose because government contracts often grant the government significant leeway to modify the contract. The doctrine acts as an equitable check on the extent of modifications. *Green Mgmt. Corp. v. United States*, 42 Fed. Cl. 411, 429 (1998); *Exec. Bus. Media, Inc. v. U.S. Dep't of Def.*, 3 F.3d 759, 763 n.3 (4th Cir. 1993).

I dismissed the cardinal change claim because there were insufficient indicia that New Jersey would recognize such a claim: (1) No New Jersey court had precedentially adopted it; (2) the unpublished Appellate Division opinions which Durr cited were distinguishable; (3) there was not a majority view from other jurisdictions; and (4) the doctrine was in some tension with New Jersey contract law, which disfavors implied limits to express provisions in a contract. *Durr*, 2021 WL 303030, at *3–5.

After my dismissal, Durr moved via letter brief to certify for interlocutory appeal the question of whether New Jersey recognizes the cardinal change doctrine. (Durr Ltr. at 1.) What Durr really wants is to have the New Jersey Supreme Court consider the question (*id.* at 4), but there is no procedure for this district court to certify a question of law to the state Supreme Court. *See Cohen v. Chase Bank, N.A.*, 679 F. Supp. 2d 582, 590 n.6 (D.N.J. 2010) (the New Jersey Supreme Court does not accept questions from the district court). Thus, what Durr proposes is a bank shot. If allowed to appeal, Durr would immediately ask the Third Circuit in turn to certify the question to the New

Jersey Supreme Court. (Durr Ltr. at 4.) *See generally* N.J. Ct. R. 2:12A-1 (permitting the New Jersey Supreme Court to answer questions of New Jersey law from the Third Circuit). PSEG opposes the motion. (DE 81.)

## II. DISCUSSION

Generally, a litigant may appeal only final decisions of federal district courts. *Def. Distrib. v. Att'y Gen. of N.J.*, 972 F.3d 193, 198 (3d Cir. 2020). Interlocutory orders, like a partial dismissal, merge with the final judgment, and so an appeal encompasses review of such orders. *See Verma v. 3001 Castor, Inc.*, 937 F.3d 221, 228 (3d Cir. 2019) (stating general merger rule); *Head v. Chi. Sch. Reform. Bd. of Trs.*, 225 F.3d 794, 800 (7th Cir. 2000) (appeal of summary judgment order brought up earlier order dismissing some, but not all, claims without prejudice). The final judgment rule, however, is "subject to limited exceptions." *Def. Distrib.*, 972 F.3d at 198.

One exception is for certified questions. A non-final order may be certified for appeal if the court determines that it (1) involves a "controlling question of law," (2) for which there is "substantial ground for difference of opinion," and (3) which may "materially advance the ultimate termination of the litigation" if appealed immediately. 28 U.S.C. § 1292(b). But even if these criteria are met, certification is discretionary. *ADP, LLC v. Ultimate Software Grp., Inc.*, Civ. No. 16-8664, 2018 WL 1838003, at *3 (D.N.J. Apr. 17, 2018). Moreover, there is a strong policy against departing from the final judgment rule, *Def. Distrib.*, 972 F.3d at 198, so courts require the movant to show "exceptional circumstances" warranting application of § 1292(b), *Karagjozi v. Bruck*, Civ. No. 17-63, 2017 WL 3528002, at *2 (D.N.J. Aug. 16, 2017) (citation omitted). I address each prong in turn.

### A. Controlling Question of Law

A controlling question of law is one which, if answered erroneously, "would be reversible error on final appeal." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974) (en banc). "Controlling" also means "serious to the conduct of the litigation, either practically or legally." *Id.*

The question of whether New Jersey recognizes a cardinal change claim is not controlling. Durr's cardinal change claim is essentially a specific type of breach of contract claim, and Durr already has a live breach of contract claim. That breach claim will require the same factual development as any cardinal change claim. Perhaps Durr will prevail on it, rendering the cardinal change issue unimportant.

But even if I were to eventually grant summary judgment to PSEG, Durr were to appeal, and the Third Circuit were to hold that the cardinal change claim was cognizable, that holding would not necessarily result in reversal. The factual record would look much the same, and either the appellate court or this court might well be in a position simply to apply the correct legal standard to it. *See Blackledge v. Blackledge*, 866 F.3d 169, 182 (3d Cir. 2017) (the court of appeals may affirm on any ground supported by the record); *Tri-M Grp., LLC v. Sharp*, 638 F.3d 406, 417–18 (3d Cir. 2011) (remand unnecessary when record is complete and question is one of law). Only if PSEG were theoretically to prevail at a theoretical trial,[2] Durr were to appeal, and the Court of Appeals were to find that omission of the cardinal change doctrine from the jury charge was harmless error, would reversal be likely to result.

In short, whether the dismissal of the cardinal change claim presents a "controlling" question depends on uncertain contingencies, and much of the ground will be covered by the breach of contract claim in any event.

### B. Substantial Grounds for Difference of Opinion

"Substantial grounds for difference of opinion exist . . . when the courts that have examined an issue reach conflicting and contradictory opinions . . . upon the particular question of law." *ADP*, 2018 WL 1838003, at *5 (quotation marks and citation omitted). Durr "must show that the lower court applied a legal standard that other courts have substantially differed in applying." *Karagjozi*, 2017 WL 3528002, at *3 (quotation marks and citation

---

[2] Most civil cases in this district are settled, dismissed, or disposed of on summary judgment. Only a small percentage are tried.

omitted). Most courts in this District have found that an issue of first impression does not provide substantial grounds for difference of opinion because, by definition, no other court has disagreed. *E.g.*, *Cosimano v. Township of Union*, Civ. No. 10-5710, 2017 WL 4790381, at *2 (D.N.J. Oct. 13, 2017). But this view is not universal. *E.g.*, *FTC v. Wyndham Worldwide Corp.*, 10 F. Supp. 3d 602, 634 (D.N.J. 2014) ("[W]hen novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." (quoting *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011))).

The question here involves an "*Erie* guess" with little available data from which to predict how the New Jersey Supreme Court would rule. *See generally Lupu v. Loan City, LLC*, 903 F.3d 382, 389 (3d Cir. 2018) (listing sources on which federal courts can rely when making an *Erie* guess). I have explained how that data favors PSEG, but I recognize that the lack of authority leaves this question more open-ended than some. Further, at least two federal courts have adopted the doctrine under other states' law (although I have explained why those cases are unpersuasive or distinguishable). *Durr*, 2021 WL 303030, at *4 n.4.

I will accept, then, that the second prong of the § 1292(b) inquiry is satisfied.

### C. Materially Advance the Litigation

"If the moving party shows that an immediate appeal would (1) eliminate the need for trial, (2) reduce the extent or cost of discovery, or (3) simplify the trial by eliminating complex issues, the Court can conclude that section 1292(b) certification would materially advance the ultimate termination of the litigation." *Children First Found., Inc. v. Legreide*, Civ. No. 04-2137, 2005 WL 3088334, at *10 (D.N.J. Nov. 17, 2005). None of that would happen here. The cardinal change claim is simply a specific theory of breach of contract. The necessary facts for that claim will already be encompassed by discovery. This is

not a case where a dismissed claim is so different from the remaining claims that its presence or absence would materially change the course or scope of litigation.

If anything, § 1292(b) certification would prolong this litigation. The trip from this court to the Third Circuit, thence to the New Jersey Supreme Court, back again to the Third Circuit, and back to this Court, is quite the journey. The case might be tried twice in the time that journey will take. And all for the sake of an alternative theory that is distinct, but not fundamentally different, from the breach of contract claim.

Without certification, this breach of contract case can proceed to a resolution, followed by an appeal if necessary. The Third Circuit, armed with a full record, can then decide whether, with or without certification to the New Jersey Supreme court, the judgment should be affirmed or reversed.

## ORDER

IT IS THEREFORE, this 18th day of March 2021,

ORDERED that Durr's motion for certification (DE 79) is DENIED.

/s/ Kevin McNulty

———————————————————

**Hon. Kevin McNulty**
**United States District Judge**

6