UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DURR MECHANICAL CONSTRUCTION, INC.,<br>                   Plaintiff,<br>     v.<br>PSEG FOSSIL, LLC,<br>                   Defendant. | Civil Action No. 18-cv-10675 (JXN)(CLW)<br><br>OPINION |

**NEALS**, District Judge:

**THIS MATTER** comes before the Court upon the filing of three motions: 1) Plaintiff Durr Mechanical Construction, Inc's ("Plaintiff" or "Durr") partial motion for summary judgment [ECF No. 94]; 2) Defendant PSEG Fossil, LLC's ("Defendant" or "PSEG") partial motion for summary judgment [ECF No. 102]; and 3) PSEG's partial motion for summary judgment [ECF No. 117]. This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. § 1332. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. After carefully considering the parties' written submissions, for the reasons that follow, Durr's partial motions for summary judgment [ECF No. 94] and PSEG's partial motion for summary judgment [ECF No. 117] are **DENIED**, and PSEG's partial motion for summary judgment [ECF No. 102] is **DENIED as moot**.

### I. BACKGROUND

Durr initiated this lawsuit against PSEG asserting various causes of actions related to the parties' contract for construction work at the Sewaren Generating Station in Woodbridge, New Jersey. *See* Compl. On May 22, 2020, Durr filed an Amended Complaint asserting claims for

breach of contract and violation of the New Jersey Prompt Payment Act, among other claims. Am. Compl., ECF No. 59. On January 29, 2021, this Court dismissed Counts Three and Eight of the Amended Complaint and allowed the remaining claims to proceed. ECF No. 76. Since then, discovery in this matter has been ongoing.

On May 14, 2021, Durr filed a partial motion for summary judgment with respect to Count Two of the Amended Complaint, contending that PSEG did not timely respond to Durr's payment applications. *See* ECF No. 94-1. PSEG opposes Durr's motion, arguing that Durr cannot show that it performed in accordance with the contract and PSEG timely notified Durr that the invoices at issue would be paid only in part or not paid at all. *See* ECF No. 117-1. PSEG also cross moved for partial summary judgment, arguing that it is entitled to summary judgment on Durr's PPA claim because PSEG timely provided notice of non-payment. *Id.* at 20-23.

## II.   LEGAL STANDARD

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Federal Rule of Civil Procedure 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996). A factual dispute is genuine only if there is "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party," and it is material only if it has the ability to "affect the outcome of the suit under governing law." *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Anderson*, 477 U.S. at 248. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all

justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (citation omitted).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 322. If the movant satisfies its initial burden, the nonmoving party cannot rest upon mere allegations in the pleadings to withstand summary judgment; rather, the nonmoving party "must counter with specific facts which demonstrate that there exists a genuine issue for trial." *Orson*, 79 F.3d at 1366. Specifically, the nonmoving party "must make a showing sufficient to establish the existence of each element of his case on which he will bear the burden of proof at trial." *Huang v. BP Amoco Corp*, 271 F.3d 560, 564 (3d Cir. 2001); *see Orsatti v. New Jersey State Police*, 71 F.3d 480, 484 (3d Cir. 1995) ("[A] plaintiff cannot resist a properly supported motion for summary judgment merely by restating the allegations of his complaint, but must point to concrete evidence in the record that supports each and every essential element of his case."). Thus, "a mere 'scintilla of evidence' in the nonmovant's favor" is insufficient to create a genuine issue of fact." *Ramara, Inc. v. Westfield Ins. Co.*, 814 F.3d 660, 666 (3d Cir. 2016) (citation omitted); *see Lackey v. Heart of Lancaster Reg'l Med. Ctr.*, 704 F. App'x 41, 45 (3d Cir. 2017) ("There is a genuine dispute of material fact if the evidence is sufficient for a reasonable factfinder to return a verdict for the nonmoving party."). Ultimately, it is not the Court's role to make findings of fact, but to analyze the facts presented and determine if a reasonable jury could return a verdict for the nonmoving party. *See Brooks v. Kyler*, 204 F.3d 102, 105 n. 5 (3d Cir. 2000).

### III. DISCUSSION

#### A. <u>Durr's Partial Motion for Summary Judgment</u>

Durr seeks summary judgment on its claim under the New Jersey Prompt Payment Act ("PPA"). The PPA reads, in relevant part:

> If a prime contractor has performed in accordance with the provisions of a contract with the owner and the billing for the work has been approved and certified by the owner or the owner's authorized approving agent, the owner shall pay the amount due to the prime contractor for each periodic payment, final payment or retainage monies not more than 30 calendar days after the billing date, which for a periodic billing, shall be the periodic billing date specified in the contract. The billing shall be deemed approved and certified 20 days after the owner receives it unless the owner provides, before the end of the 20–day period, a written statement of the amount withheld and the reason for withholding payment.

N.J.S.A. § 2A:30A-2(a). A claim under the PPA must include the following elements:

> (1) the prime contractor has performed in accordance with the provisions of the contract;
> (2) the billing for the relevant work has been approved and certified by the owner or the owner's authorized agent, or the owner failed to provide a written statement of the amount withheld and the reason for withholding within 20 days after receiving the billing; and
> (3) the owner has not paid the approved/certified amount within 30 days after the billing date.

*Refine Tech., LLC v. MCC Dev., Inc.*, No. CV 17-5548, 2018 WL 3159874, at *5 (D.N.J. Feb. 21, 2018). Durr is not entitled to summary judgment on its PPA claim because the record evidence indicates that there are several issues of material fact regarding Durr's performance under the contract. *See* PSEG's Response to Durr's Statement of Undisputed Facts ¶¶ 5, 10, 15, ECF No. 117-2; *see also* PSEG's Supplemental Statement of Disputed Facts ¶¶ 18-23. More specifically, PSEG has provided evidence that Durr could not satisfy several of its obligations under the contract, including its obligation to complete work in accordance with the Project schedule. *See* Tonzetich Aff. 19, ECF No. 117-5. Accordingly, Durr's partial motion for summary judgment [ECF No. 94] is denied.

### B. **PSEG's Partial Motion for Summary Judgment**[1]

PSEG seeks summary judgment on Durr's PPA claim, contending that there can be no genuine dispute of material fact that PSEG provided timely notice of non-payment. *See* ECF No. 117 at 20. PSEG further contends that Durr received notice that every invoice at issue would not be paid in whole or in part. *Id.* As noted above, the PPA contemplates an "owner provid[ing], before the end of the 20-day period, a written statement of the amount withheld and the reason for withholding payment[.]" N.J.S.A. § 2A:30A-2(a). PSEG claims that it complied with this requirement by providing multiple written notices of non-payment. *See* ECF No. 117 at 20. Despite PSEG's contentions, the record evidence indicates that there is a genuine dispute regarding whether PSEG timely provided Plaintiff with a written statement of the amount withheld or the reason for withholding payment on certain payment applications. *See* Durr's Statement of Undisputed Material Facts ¶ 33, ECF No. 96-1; *see also* Durr's Responsive Statement of Undisputed Material Facts ¶ 35, ECF No. 118-4 (citing to Durr Decl., ¶¶ 40-43). Accordingly, PSEG's partial motion for summary judgment [ECF No. 117] is denied.

## IV. CONCLUSION

For the foregoing reasons, Durr's partial motions for summary judgment [ECF No. 94] and PSEG's partial motion for summary judgment [ECF No. 117] are **DENIED**, and PSEG's partial motion for summary judgment [ECF No. 102] is **DENIED as moot**.

DATED: March 22, 2023

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge

---

[1] PSEG submits two partial motions for summary judgment [ECF Nos. 102, 117]. The motions appear to be identical. Accordingly, the Court will dismiss the partial motion for summary judgment at ECF No. 102 as moot.